Oldham J.,' delivered the opinion of the court/ The questions presented by the record have, as we conceive, been settled by the previous adjudications of this court, When this case was previously in this court, it was held that “ the defendant hád no right to set-off his demands against Johnston in this form of action.” Field vs. Watkins, 5 Ark. R. 672. Nor does the fact of the payment of seven hundred and fifty dollars by the defendant upon one.of the judgments rendered against him as Johnston’s security, exonerate him. In Desha vs. Baker, 3 Ark. R. 509, it was held that “if the requisites of the statute are complied with the attachment of a debt in the hands of á garnishee would fix it there m the hands of the attaching creditor-, and the debtor could not afterwards pay it over except in conformity to the judgment of the court. The attaching creditor would, in such case, acquire a lien upon the debt binding upon all the parties interested, and which the Courts would not only recognize, but the garnishee would be protected pro tanto under a recovery had in virtue of the attachment, and could plead such recovery in bar of any future action.” The principle is jjhe same whether the attachment is sued out at the instance of an attaching or judgment creditor; if any difference exists; it i's in favor of the latter, because his demand against the original debtor has been settled and determined by the judgment of a competent tribunal.- -At the time of suing out the writ of garnishment;- Field had no demand against Johnston, which would serve a's the fótmdation of an action, or which he could set off in any action Brought by the latter against him, but the demand depended upon the contingency of the non-payment of the judgments by Johnston and .the payment by himself. The service of the writ was a transfer by oper-" .ation of law of the amount due by the- garnishee to the original defendant, to the-judgment creditor for the-satisfaction of his judgment,-and the right of the creditor to a satisfaction of his judgment out of the debt thus transferred Cannot be-defeated by a subsequent payment of the garnishee, whether made1 voluntarily or by legal coercion. Had Johnston held Fields’s note for the. amount of Wat-kin’s judgment, and transferred it before the payment of the seven* hundred and fifty dollars, could Field set off that payment in an action brought against' him by the endorsee ? Most certainly not.The two cases are analogous, the transfer in the one case, being; effected by the act of the party, and in the other by operation of law. In the present proceeding at least we do not conceive tha-tl any difference in principle exists between the two cases.- The judg--mentmust be reversed and the cause remanded.-